Claude Darrin McNabb a/k/a Claude Darkin McNabb v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-330-CR

NO. 2-03-331-CR

CLAUDE DARRIN MCNABB APPELLANT

A/K/A CLAUDE DARKIN MCNABB

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Claude Darrin McNabb appeals from his convictions for possession with intent to deliver a controlled substance, namely methamphetamine, of four or more but less than two hundred grams, a first degree felony.
(footnote: 2)  We affirm the trial court's judgments.

Appellant entered an open plea of guilty to the court in each case, and, for each case, the court assessed punishment at five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, such sentences to run concurrently.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 3)  This court provided Appellant the opportunity to file a pro se brief, but he has declined to do so.  After an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for the appellant to see if any arguable ground could be raised on the appellant’s behalf.
(footnote: 4)
 Because Appellant pled guilty to each offense, he has waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his pleas, that occurred before entry of each plea as long as the trial court's judgments of guilt were rendered independent of and not supported by the alleged error.
(footnote: 5)  Our independent review of the record is therefore limited to potential jurisdictional defects, the voluntariness of Appellant's pleas, potential errors occurring before the pleas that resulted in or support the judgments of guilt, and potential errors occurring after the guilty pleas.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the cases.
(footnote: 6)  Further, the indictments sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
(footnote: 7)   Our review of the record also reveals nothing that would support a claim that the guilty pleas were unknowing and involuntary.  The trial court admonished Appellant in writing before he pled guilty.
(footnote: 8)  The record before us also reveals no error that occurred before Appellant pled guilty.  As a result, there is no appealable error under 
Young
.
(footnote: 9)
 At the punishment hearing, the trial court considered the presentence investigation report and the testimony of Appellant  before sentencing Appellant to the minimum confinement allowed in each case.
(footnote: 10)
 After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Health & Safety Code 
Ann. §§ 481.102, 481.112(a), (d) (Vernon 2003 & Supp. 2004) (providing that methamphetamine is in Penalty Group 1 and that possession with intent to deliver of four or more but less than two hundred grams is a first degree felony).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

5:
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).

6:
See
 
Tex. Code 
C
rim. 
P
roc. Ann.
 art. 4.05 (Vernon Supp. 2004).

7:
See
 
Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

8:
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a), (d).

9:
Young
, 8 S.W.3d at 656.

10:
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003) (providing range of punishment for first degree felonies is life or five to ninety-nine years plus up to a $10,000 fine).